**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EL-AMIN BASHIR, : | |
| : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:CV-12-1099 |
| v. : | |
| : | (Mannion, J.) |
| WARDEN RECKTENWALD, : | |
| : | |
| Respondent : | |

**MEMORANDUM**[1]

Petitioner, El-Amin Bashir ("Bashir"), an individual formerly incarcerated in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI–Allenwood"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). In his § 2241 petition, Bashir alleges that his constitutional rights were violated in the context of a disciplinary proceeding. Bashir seeks restoration of his good conduct time, and the expungement of his disciplinary record. A response was filed on July 3, 2012. (Doc. No. 4). On January 22, 2013, Respondent filed a Notice of Suggestion of Mootness with the

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Court, indicating that the action is moot due to Bashir's September 24, 2012 release from incarceration. (Doc. No. 10). For the reasons set forth below, the § 2241 petition will be dismissed as moot.

**Discussion**

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir.2002) (finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n. 4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, I.N.S., 264 F.3d 378, 384 (3d Cir.2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a

2

continuing injury from the collateral consequences attaching to the challenged act," Kissinger, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision," Spencer, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("[m]ootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

In the instant action, Bashir's claim does not address his underlying conviction. Further, Bashir was released from custody on September 24, 2012. His challenge is only to his entitlement to restoration of good conduct time and the expungement of his disciplinary record. Thus, he cannot allege any continuing collateral consequences. See Lane v. Williams, 455 U.S. 624, 631, 33 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot[;] ... no live controversy remains"); Scott v. Schuylkill FCI, No. 07–4494, 2008 WL 4768854, at *2 (3d Cir. Nov.8, 2008).[2] By failing to demonstrate

---

[2] In Scott, the petitioner claimed that he was denied due process with respect to a prison disciplinary proceeding. Scott, 2008 WL 4768854, at *1. As in the instant case, the petitioner in Scott also sought restoration of good conduct time and expungement of his disciplinary record. Id. In affirming the district court's decision to dismiss the petition as moot once the petitioner was

continuing collateral consequences, Bashir has failed to satisfy Article III's case-and-controversy requirement. See Spencer, 523 U.S. at 7; Chong, 264 F.3d at 383-84 at 383-84. Thus, the Court will dismiss the petition as moot. A separate Order will be issued.

                                                          s/ *Malachy E. Mannion*
                                                   **MALACHY E. MANNION**
                                                   **United States District Judge**

Dated:   January 24, 2013
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1099-01.wpd

---

conditionally released from incarceration, the Third Circuit found that because good conduct time credits affect the timing of an inmate's release and do not alter the sentence itself, once an inmate has served his entire term of imprisonment and is released upon its completion, the good conduct time credits cease to have any effect and therefore there are no continuing collateral consequences. Id. at *2. Further, with respect to his disciplinary record, the Court concluded that the petitioner's assertion that his discipline may adversely affect his future classification if he is again incarcerated was "too speculative" to demonstrate collateral consequences. Id.